## Fingal v. Penn Mutual Life Insurance Company.

*Interpleader—Life insurance company—Policies—Dispute between claimants—Act of March 11, 1836.*

A life insurance company was granted an interpleader under the Act of March 11, 1836, P. L. 76, where it did not dispute its liability under two policies, but was unable to determine to which of two claimants it was liable, one having already sued and the other having threatened suit.

Rule for interpleader. C. P. Allegheny Co., July T., 1925, No. 630.

Before Evans and Kline, JJ.

*Alter, Wright & Barron,* for plaintiff.

*Reed, Smith, Shaw & McClay,* for defendant.

EVANS, J., June 24, 1925.—On Nov. 13, 1906, the Penn Mutual Life Insurance Company insured the life of Charles H. Fingal on two policies of insurance, with loss payable to Mary L. S. Fingal, his wife. He died on Aug. 10, 1924, and Mary Fingal, the wife, brought suit against the insurance company, at the above number and term, for the amount of the two policies.

On June 3, 1925, the insurance company presented its petition to this court, setting forth the above statement of facts, and also that "Carrie Fingal, the mother of the insured, has notified your petitioner that she will hold your petitioner to account for her demand under the policies, and your petitioner expects that she will bring suit on account of her claim," alleging that the

petitioner does not dispute its liability, but is unable to determine to which of the claimants it is liable, and prays for an interpleader.

Plaintiff files an answer to the rule, denying the right of the insurance company to the order for the interpleader.

We are of opinion that this case is ruled by McKinley v. Mutual Life Ins. Co., 278 Pa. 300; that the petition in this case and in the case above quoted are practically identical. The lower court assumed to pass upon the merits of the claims of the respective parties and refused the interpleader, which judgment was reversed.

The Act of March 11, 1836, §, 4, P. L. 76, provides as follows: "The defendant in any action which shall be brought in the said court for the recovery of money, or of any goods, chattels or the value thereof in damages, which shall have come lawfully into his hands or possession, may, at any time after the declaration filed and before plea pleaded by a suggestion to be filed of record, disclaim all interest in the subject-matter of such action and offer to bring the same into court or to pay or dispose thereof as the court shall order, and if he shall also allege, under oath or affirmation, that the right thereto is claimed by action (naming him or them), who has sued or is expected to sue for the same, thereupon order the plaintiff," etc.

That is the claim of the plaintiff here, and it is sufficient.

And now, June 24, 1925, rule ex parte defendant in the above entitled case on the plaintiff in the above entitled case and Carrie Fingal to show cause why the petition of the Penn Mutual Life Insurance Company should not be permitted to pay the fund in its possession into court, be awarded its costs and reasonable counsel fees and thereupon be discharged of all liability severally to them, and also to show cause why they should not interplead to determine the ownership of said fund between them, is made absolute.

From William J. Aiken, Pittsburgh, Pa.